
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREDERICK SCHIFF,

           Plaintiff - Appellant,

  v.

THE CITY AND COUNTY OF SAN
FRANCISCO; SAN FRANCISCO
POLICE DEPARTMENT; HEATHER
FONG, Individually and in her official
capacity as Chief of the San Francisco
Police Darthment,

           Defendants - Appellees.

No. 11-17291

D.C. No. 4:08-cv-04627-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 16, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District
Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Thomas S. Zilly, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

Frederick Schiff appeals from the district court's order granting a motion for summary judgment by the City and County of San Francisco (the "City") and its former Chief of Police Heather Fong, and denying Schiff's motion for partial summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review of the evidence in the light most favorable to the non-moving party, we affirm.

Schiff, an officer in the San Francisco Police Department ("SFPD"), alleges that he was subject to adverse employment actions because the City discriminated against him on the basis of race and retaliated against him for his prior race discrimination complaints and lawsuit, in violation of 42 U.S.C. §§ 1981 and 1983. Although the settlement of Schiff's prior lawsuit released the City from liability for the adoption of "banding" in making promotions from the 2005 lieutenants list, we agree with Schiff that it did not prevent him from relying on the City's use of banding as evidence here. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1062 (9th Cir. 2002).

Assuming that Schiff established a prima facie case of discrimination under the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), his claims fail because the City introduced evidence demonstrating that Schiff was not promoted for legitimate, non-discriminatory

2

reasons, and Schiff has failed to introduce evidence that would raise a genuine question of material fact as to whether the City's proffered reasons were pretextual. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062-64 (9th Cir. 2002). Among the considerations in determining promotions was disciplinary history. Schiff had several disciplinary charges pending against him at the time of the October 2008 promotions, including one for neglect of duty that was sustained after two appeals. Chief Fong also stated additional specific and well-documented reasons concerning Schiff's conduct and judgment.

Once the City has provided non-discriminatory reasons for the adverse action, the "the presumption of discrimination 'drops out of the picture,'" and we determine based on the evidence in the record whether a reasonable jury could conclude that defendants discriminated against Schiff on the basis of race. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). Schiff was unable to identify a single officer who was promoted who had recent disciplinary charges. It is not enough for Schiff to merely point out that a non-white candidate ranked below him was promoted and he was not.

With regard to retaliation, Schiff has failed to introduce evidence establishing a causal link between the protected activity and the adverse action.

3

*Manatt v. Bank of America*, 339 F.3d 792, 800-04 (9th Cir. 2003). "[I]n the light of the timing and the surrounding circumstances," the district court did not err in determining that the five years between the filing of Schiff's lawsuit in 2003 and the alleged retaliation in 2008 undermined the required causal link between the protected activity and the adverse employment action. *Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 751 (9th Cir. 2010) (quoting *Coszalter v. City of Salem*, 320 F.3d 968, 977-78 (9th Cir. 2003)) (internal quotation marks omitted).

Even assuming Schiff established a prima facie case of retaliation, he bears the burden of demonstrating that the City's reasons were merely a pretext for a retaliatory motive. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). With regard to the failure to promote, Schiff failed to introduce evidence sufficient to show pretext; in fact, Chief Fong knowingly promoted three other individuals involved in the same lawsuit during the relevant time period. With regard to the stay-away order, the consistent statements and documentary evidence supporting Cashman's justification are not mutually exclusive of Chief Fong's explanation. The fact that there were two legitimate justifications for the stay-away order does not render either one unworthy of credence. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 661 (9th Cir. 2002) (holding that "[w]e do not infer

4

pretext from the simple fact that [the defendant] had two different, although consistent, reasons" for the adverse employment action).

Although the evidentiary burdens shift back and forth under the *McDonnell Douglas* framework, the "plaintiff retains the burden of persuasion." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Schiff has not introduced evidence sufficient for a jury to be able conclude either that "a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Chuang v. University of California Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000) (internal quotation marks and citation omitted). Accordingly, Schiff has failed to "demonstrate that the proffered reason was not the true reason for the employment decision" and has not carried his burden. *Burdine*, 450 U.S. at 256.

Even if there had been a discriminatory or retaliatory action, the City would not be liable because Chief Fong was not a final policymaker for the purposes of hiring and promotions. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010) (noting that "'[t]o hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law'" (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (per

curiam))).  Nor has Schiff identified any unlawful City policy.  *See id.* at 1249.  We

have considered the documents Schiff submitted with his motion for judicial

notice.  The motion is DENIED as unnecessary.  *See Von Saher v. Norton Simon

Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010).

AFFIRMED.

<u>Schiff v. City and County of San Francisco</u>, No. 11-17291

ZILLY, Senior District Judge, concurring in part and dissenting in part:

I agree that Chief Fong was not a final policymaker for purposes of hiring and promotion. As a result, the City is not liable on Schiff's claims. I also agree that, notwithstanding the settlement of Schiff's prior lawsuit, Schiff was not precluded from relying on the City's use of banding as evidence in this case.

Schiff alleges he was discriminated against based on race in connection with his efforts to be promoted to Lieutenant in October 2008. The majority correctly assumes Schiff established a prima facie case of discrimination but concludes he failed to introduce evidence that would raise a genuine issue of fact as to whether the City's proffered reasons for not promoting him were pretextual. I disagree and would reverse the trial court's decision to grant summary judgment against Schiff on his discrimination and retaliation claims. When this Court reviews a district court's order granting summary judgment, the Court must view the record in the light most favorable to the non-moving party (Schiff) and draw all reasonable inferences in favor of that party. Under this well-established standard, the district court erred in granting summary judgment in favor of the defendants.

At the time this action was filed in October 2008, Schiff was a Sergeant in the San Francisco Police Department ("SFPD"). Schiff is white. Schiff and 10 other officers previously sued the City in 2003, alleging racial discrimination in

appointments made from the 1999 Lieutenant-eligible list. Schiff's current action involves the failure to promote him in October 2008 based on the 2005 Lieutenant-eligible list. Based on his examination score, Schiff was ranked 29 on a list of 152 individuals on the 2005 Lieutenant-eligible list.

Under the City's practice of "banding," the first 11 candidates on the 2005 Lieutenant-eligible list were promoted, and thereafter a sliding band was used to fill the remaining slots down to the individual ranked 66. In the "banding" process, secondary criteria were also considered, including assignments, training, education, special qualifications, commendations, awards, bilingual certification, and discipline history. Sergeant Gittens, a minority officer ranked 66, was promoted to Lieutenant over Schiff. Schiff had a college degree, had been awarded medals of valor, speaks a foreign language, had been a sergeant for 16 years, and had previously been an "acting" Lieutenant. In contrast, Gittens had eight years at the rank of sergeant, and did not have any of Schiff's other qualifications.

The practice of "banding" in making the October 2008 promotions was itself evidence of discrimination. It is undisputed that "banding" is an SFPD practice used to boost the number of minority candidates eligible for promotion over white candidates. As the majority and I agree, this evidence of "banding" should have been considered by the district court in ruling on the motion for summary

judgment, despite the settlement of Schiff's prior lawsuit.  The majority and I part ways concerning whether this evidence created a genuine issue of material fact as to pretext.  I am persuaded that this evidence sufficiently demonstrated the City favored minority candidates in the promotional process so as to make summary judgment inappropriate.  Moreover, Schiff's superior qualifications, standing alone, were enough to establish a question of fact relating to pretext.

The City contends Schiff was not promoted because disciplinary charges were pending against him at the time of the October 2008 promotions, including one for neglect of duty.  The City's reliance on these events, which occurred in late September 2008, immediately before the October 2008 selections, is highly suspect.  Schiff indicates that, after he had been an SFPD officer for more than 20 years without any disciplinary problems, Captain Barrett filed five disciplinary violations against him on October 1, 2008, the day before Chief Fong announced additional promotions to Lieutenant, and two days before the 2005 Lieutenant-eligible list expired.  Chief Fong did not promote Schiff allegedly because of the five violations filed by Captain Barrett, but Chief Fong admitted that, with respect to other candidates, she looked only at internal affairs complaints that had been sustained.  At the time Schiff was passed over for promotion, Captain Barrett's charges against Schiff were merely allegations, and four of the five alleged violations were later found to be unsubstantiated.  Schiff contends that the

allegations against him were trumped up by Captain Barrett to create a disciplinary infraction that would block his promotion. Schiff has made a sufficient showing to survive summary judgment, presenting factual questions as to whether the disciplinary charges were merely pretext.

I also disagree with the majority's decision to affirm the dismissal of the retaliation claim. Schiff has had a long history of complaints against the SFPD. Schiff's prior litigation (Schiff I), initiated in 2003, involved the same "banding" policy. The majority concludes, I believe incorrectly, that the district court did not err in determining that the five years between the filing of Schiff I and the failure to promote Schiff to Lieutenant, allegedly as a result of retaliation, destroyed the required causal link between the protected activity and the adverse employment action. October 2008 was Chief Fong's first opportunity after Schiff I to decide whether to promote Schiff. This Circuit has cautioned against engaging in "a mechanical inquiry into the amount of time between the [protected activity] and the alleged retaliatory action" and has rejected the application of any "bright-line rule providing that a certain period of time is per se too long to support an inference of retaliation." Anthoine v. N. Cent. Counties Consortium, 605 F.3d 740, 751 (9th Cir. 2010). The circumstances of this case do not support the district court's reliance on the passage of time, particularly in light of the fact that none of the five other Schiff I plaintiffs on the 2005 Lieutenant-eligible list were promoted by

Chief Fong in 2008.  Summary judgment on the retaliation claim should not have been granted.

For the foregoing reasons, I must respectfully dissent.